■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE R. SCOTT, Appellant. [733 NYS2d 744] —Mercure, J. Appeal from an order of the County Court of Franklin County (Main, Jr., J.), entered August 7, 2000, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

Shortly before defendant's release to parole supervision from a prison sentence imposed upon his conviction of sodomy in the second degree, the Board of Examiners of Sex Offenders forwarded to the sentencing court its recommendation that defendant be classified as a risk level III sex offender pursuant to the Sex Offender Registration Act (*see*, Correction Law art 6-C) (hereinafter the Act). The recommendation was accompanied

by a risk assessment instrument and a case summary, which contained the details of defendant's criminal history and other relevant facts. County Court thereafter notified defendant that a proceeding would be held to determine his risk level classification (*see*, Correction Law § 168-n [3]). Counsel was assigned and copies of the risk assessment instrument and case summary were provided to the District Attorney and defendant's counsel (*see, id.*). After the denial of defendant's motion to dismiss the proceeding based upon a constitutional challenge to the Act, defendant appeared with counsel, who conceded that the facts as set forth in the case summary were accurate but contended that defendant should not be classified as a risk level III sex offender. Citing to defendant's record, County Court concluded that level III was the proper classification.

In addition to the sex offense on which defendant was incarcerated at the time of the risk level classification, an offense which was based upon sexual contact with a young girl, defendant was previously convicted of rape in the second degree as a result of a course of conduct against another young girl over a period of several years. The risk assessment guidelines established by the Board pursuant to Correction Law § 168-*l* (5) specify certain overriding factors, the presence of any one of which will result in a presumptive risk level III assessment (*see, Matter of O'Brien v State of New York Div. of Probation & Correctional Servs.*, 263 AD2d 804, 806, *lv denied* 94 NY2d 758). Defendant's prior felony sex offense was such an overriding factor. Defendant contends that the Act does not permit any overriding factors in the risk level assessment and that, by relying on the overriding factor, County Court failed to consider the relevant statutory factors.

The statutory factors relevant in assessing a sex offender's risk classification, which are not exclusive, include "criminal history factors indicative of high risk of repeat offense" (Correction Law § 168-*l* [5] [a]) and a level III classification is required where "the risk of repeat offense is high and there exists a threat to the public safety" (Correction Law § 168-*l* [6] [c]). The Board's presumptive assessment of a level III risk for a defendant who is already a repeat felony sex offender is clearly consistent with these statutory provisions. In addition to considering the Board's recommendation, which was based on the overriding factor of defendant's conviction of a prior felony sex offense, County Court also considered defendant's record, which disclosed the nature of defendant's repeat sex crimes and the absence of any factors to reduce the high risk of

repeat offense and danger to the public demonstrated by defendant's criminal history. Consideration of defendant's criminal history was clearly permitted by the Act (*see, Matter of O'Brien v State of New York Div. of Probation & Correctional Servs., supra*) and our review of the record reveals no support for defendant's claim that the court's classification of defendant was not based on the statutory factors.

Defendant's remaining arguments also have no merit. The facts contained in the case summary, which was properly before County Court as part of the statutorily required submission by the Board (*see,* Correction Law § 168-*l* [6]; § 168-n [3]) and the accuracy of which was conceded by defendant, provided the necessary clear and convincing evidence to support the classification. In the absence of any disputed facts, no evidentiary hearing was necessary. The record discloses no procedural or substantive errors that would warrant our interference with County Court's classification of defendant as a risk level III sex offender.

Cardona, P. J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.