■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADRIAN C. BROWN, Appellant. [755 NYS2d 183] —Appeal from an order of Onondaga County Court (Aloi, J.), entered May 1, 2001, which determined that defendant is a level three risk under the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk under the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). Defendant contends that his due process and equal protection rights were violated because the presumptive overrides applied by the New York State Board of Sex Examiners (Board) in making its recommendation of a defendant's risk level to a court deprive the court of its discretion and render the court a mere "rubber-stamp for the Board [of Parole]." Defendant also

contends that the application of SORA violates the constitutional prohibition against ex post facto laws. Those contentions are raised for the first time on appeal and thus are not preserved for our review (*see* CPL 470.05 [2]; *People v Ruz*, 70 NY2d 942; *People v Iannelli*, 69 NY2d 684, 685, *cert denied* 482 US 914; *People v Thomas*, 50 NY2d 467, 473; *Matter of Leonardo Q.*, 171 AD2d 563, 564). In any event, defendant's contentions lack merit.

"In July 1995, the Legislature passed [SORA] (L 1995, ch 192), also known as Megan's Law, which implements a registration and notification system for individuals convicted of certain sex offenses based on a three-tier classification system" (*Matter of O'Brien v State of New York Div. of Probation & Correctional Servs.*, 263 AD2d 804, 804, *lv denied* 94 NY2d 758). The Board works in an advisory capacity and makes a recommendation on the likelihood of recidivism by categorizing the defendant as a level one risk (low risk of repeat offense) to a level three risk (sexually violent predator) (*see* Correction Law § 168-*l* [5], [6]; *Matter of New York State Bd. of Examiners of Sex Offenders v Ransom*, 249 AD2d 891). Generally, an offender's risk category is presumptively scored by points on the SORA Risk Assessment Instrument. There are, however, four presumptive overrides that will result in a risk level three recommendation (*see People v David W.*, 95 NY2d 130, 135), the one at issue here being "the infliction of serious physical injury or the causing of death" (*see* Board of Sex Examiners, Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, Commentary, at 3 [Jan. 1996]). It is then the duty of the sentencing court to "review any victim's statement and any relevant materials and evidence submitted by the [defendant] and the district attorney and the recommendation and any materials submitted by the [B]oard" and to make a final determination of the defendant's risk level based on clear and convincing evidence thereof (§ 168-n [3]).

Here, defendant contends that his due process and equal protection rights were violated because the presumptive override at issue is essentially a mandatory presumption, and such a presumption could not be used to prove a material element of a crime beyond a reasonable doubt. Here, however, the People did not have to prove a material element of a crime beyond a reasonable doubt. Rather, their burden was to establish defendant's risk level under SORA by clear and convincing evidence (*see* Correction Law § 168-n [3]).

In addition to considering the Board's recommendation based on the presumptive override at issue, i.e., defendant's infliction

of a serious injury, County Court reviewed the grand jury minutes, the victim's medical records, the plea minutes, defendant's hearing testimony and other evidence presented by defendant. Upon our review of the record, we conclude that the court's determination of defendant's risk level was properly based on clear and convincing evidence related to the statutory factors (*see id.*; *People v Scott*, 288 AD2d 763, 764-765). Finally, contrary to defendant's further contention, "[t]he application of [SORA] * * * to sex offenders convicted prior to the effective date of the act does not violate constitutional prohibitions against ex post facto laws" (*People v Hughes*, 269 AD2d 858, 858, *lv denied* 95 NY2d 798). Present—Pigott, Jr., P.J., Wisner, Hurlbutt, Scudder and Lawton, JJ.