■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT STURDIVANT, Appellant. [762 NYS2d 443] —Crew III, J.P. Appeal from an order of the County Court of Tompkins County (Barrett, J.), entered December 6, 2000, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

Defendant was the subject of two criminal indictments. As to the first indictment, defendant was convicted following a jury trial of the crimes of rape in the second degree and sodomy in the second degree and sentenced to two concurrent prison terms of 1½ to 4½ years. As to the second indictment, defendant was convicted upon his plea of guilty of the crime of endangering the welfare of a child and was sentenced to time served (*People v Sturdivant*, 272 AD2d 1004 [2000], *lv denied* 95 NY2d 871 [2000]).

Prior to his release on parole in October 2000, the Board of Examiners of Sex Offenders issued an assessment of defendant, reporting that he had scored 65 points on the risk assessment scale, which gave him the presumptive classification of a risk level I sex offender (*see* Correction Law art 6-C). However, the Board recommended a risk level III classification based upon a number of factors, including the extended duration of defendant's abuse of his 11-year-old victim and engaging in such conduct despite his knowledge that she previously had been the victim of sexual abuse at the hands of other adult males. An additional factor was defendant's sexual contact with other children. Following a hearing, County Court classified defendant as a risk level III sex offender, prompting this appeal.

Initially, we note that the People's various arguments as to the propriety of County Court's decision to enhance defendant's classification are not subject to appellate review inasmuch as the People failed to put into evidence the material upon which they claim County Court's decision was based, i.e., grand jury minutes and transcripts of the trial testimony of the victim and defendant. More fundamentally, however, is the fact that

County Court failed to set forth the findings of fact and conclusions of law upon which its decision was based, thereby depriving us of the ability to determine the propriety of County Court's decision (*see* Correction Law § 168-n [3]). Accordingly, this matter must be remitted to County Court for findings of fact and conclusions of law.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is withheld and matter remitted to the County Court of Tompkins County for further proceedings not inconsistent with this Court's decision.