■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER HILL, Appellant. [792 NYS2d 695]—

Lahtinen, J. Appeal from an order of the County Court of St. Lawrence County (Nicandri, J.), entered June 7, 2004, which classified defendant as a risk level III sex offender and a sexually violent offender pursuant to the Sex Offender Registration Act.

Defendant was convicted after a trial of several charges stemming from his sexual contact with a minor child. In anticipation of defendant's release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C), classifying him as a risk level II violent sex offender. During the initial hearing on May 3, 2004 at which defendant ap-

peared represented by counsel, the People objected to the Board's classification, alleging that defendant's risk level should be raised to level III based upon information that he had abused at least two other victims. Over defense counsel's objection, County Court adjourned the matter to allow the People to seek reconsideration by the Board.

During a second hearing before County Court on May 17, 2004, the People again objected to the Board's classification, this time alleging that defendant's risk level should be raised to level III in light of the victim's statement that defendant began abusing her when she was four years old. Over objection by defense counsel, County Court again adjourned the matter. On May 25, 2004, the Board issued a second recommendation classifying defendant as a risk level III violent sex offender on the basis that the victim was less than 11 years old when the sexual contact occurred. At the ensuing proceeding on June 7, 2004, County Court adopted the Board's recommendation and classified defendant as a risk level III sex offender and a sexually violent offender, prompting this appeal.

Apparently, County Court relied on the Board's second case summary for the clear and convincing evidence necessary to support its level III sex offender classification. Where the accuracy of the factual assertions set forth in the case summary are conceded by defendant, we have held, in the appropriate case, that evidence to be sufficient to support the classification (*see People v Dorato*, 291 AD2d 580, 581 [2002]; *People v Scott*, 288 AD2d 763, 765 [2001]). Here, however, defendant disputed the central allegation that his sexual abuse of the victim began when she was four years old. The victim's March 1993 written statement, the apparent basis for raising defendant's risk level to level III, was never offered at the June 7, 2004 proceeding and was not otherwise included in the record on appeal.

In any event, we must reverse and remit to County Court. Correction Law § 168-n (3) requires County Court to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based." County Court's failure to comply with the statute's mandate precludes appropriate appellate review (*see People v Sturdivant*, 307 AD2d 382, 382-383 [2003]; *People v Lee*, 292 AD2d 639, 640 [2002]). We need not and do not reach any other issue raised by defendant.

Mercure, J.P., Crew III, Mugglin and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.