■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH M. MARR, Appellant. [798 NYS2d 260]—

Carpinello, J. Appeal from an order of the County Court of Warren County (Hall, J.), entered March 24, 2004, which classified defendant as a risk level III sex offender and a sexually violent offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty to sexual abuse in the first degree based on his sexual contact with his nine-year-old stepbrother on three separate occasions. After violating probation, defendant was resentenced to two years in prison. Prior to his release, the Board of Examiners of Sex Offenders evaluated and presumptively classified him as a risk level II sex offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C), but recommended an upward departure to risk level III, citing defendant's failed probation and its belief that he also

had sexual contact with another stepbrother. Following a brief hearing at which defendant appeared and was represented by counsel, County Court adopted the Board's recommendation and designated him as a risk level III sex offender and a sexually violent offender, prompting the instant appeal.

We must reverse. In making its determination, County Court was required to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]; *see People v Hill*, 17 AD3d 715, 716 [2005]). County Court's determination here, which consists of only a standardized form indicating, without any further explanation, that it was adopting the Board's recommendations, does not suffice in this regard.

We note that County Court attempted to explain its reasoning at the hearing, apparently agreeing to the upward departure based on its review of the Board's risk assessment instrument and other documents, commenting that "[defendant] could have easily had a score of 110 or more" because the Board gave him "several breaks where it could have gone either way." However, the court's failure to elaborate on evidence in the record to support a higher score precludes us from reviewing the propriety of its determination. Thus, the matter must be remitted for the court's issuance of findings of fact and conclusions of law in compliance with the statute (*see People v Hoppe*, 1 AD3d 712, 713 [2003]; *People v Sturdivant*, 307 AD2d 382, 383 [2003]).

Cardona, P.J., Peters, Spain and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Warren County for further proceedings not inconsistent with this Court's decision.