■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX SANCHEZ, Appellant. [798 NYS2d 258]—

Cardona, P.J. Appeal from an order of the County Court of Broome County (Smith, J.), rendered June 10, 2004, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

In 1999, defendant pleaded guilty to attempted promoting prostitution in the second degree and was sentenced to 2½ to 5 years in prison. In anticipation of his release from prison, the Board of Examiners of Sex Offenders evaluated defendant. In doing so, the Board did not complete the risk assessment instrument, but recommended that defendant be classified as a risk level III sex offender based solely on the existence of a presumptive override factor, namely, a 1988 conviction of attempted sodomy in the first degree. Defendant apparently waived his right to appear at the hearing before County Court, at which time the Board's recommendation was adopted. Defendant now appeals, contending that County Court improperly relied solely on the existence of the presumptive override in making its determination.

Initially, we express our concern over the fact that the Board did not fully complete the risk assessment instrument regardless of the existence of an apparently valid override factor. While the Board correctly noted in its case summary that the override factor resulted in defendant being "presumptively scored at Risk Level III," we cannot agree with its further statement that the presence of the override factor "thereby preclud[ed] scoring of the Instrument." The Board also stated: "There is absolutely no basis for departure." Significantly, the guidelines and commentary to the Sex Offender Registration Act note that the presence of an override factor does not mandate an automatic risk level III designation inasmuch as a "careful reading of [the statutory scheme] supports the conclusion that the guidelines should eschew per se rules and that risk should be assessed on the basis of a review of all pertinent factors" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, Commentary, at 2 [Nov. 1997]; *see* Correction Law § 168-n [3]; *see generally People v David W.*, 95 NY2d 130, 135 [2000]).

Accordingly, it is our view that the Board erred in failing to fill out the entire risk assessment form. Notably, such an error by the Board could be considered harmless if it was clear that County Court reviewed all relevant evidence and made "a final determination of the defendant's risk level based on clear and convincing evidence thereof" (*People v Brown*, 302 AD2d 919, 920 [2003]).* Here, however, based on the court's comments at the hearing, it appears that it determined that the presumptive

---

* We note that, in one instance where the Board failed to completely fill out the risk assessment form because of the presence of an override factor, the trial court assessed its own point values, thus illustrating the usefulness of the forms in aiding the court's review (*see generally People v Bailey*, 7 Misc 3d 1008[A], 2005 NY Slip Op 50499[U] [2005]).

override was binding. In any event, since County Court did not "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determination[ ] [is] based" (Correction Law § 168-n [3]), appropriate appellate review of defendant's claim that County Court did not properly evaluate his risk level is not possible (*see People v Hill*, 17 AD3d 715, 716 [2005]; *People v Hoppe*, 1 AD3d 712 [2003]; *People v Sturdivant*, 307 AD2d 382, 382-383 [2003]; *People v Lee*, 292 AD2d 639, 640 [2002]). Consequently, we remit the matter to County Court for an appropriate disposition in compliance with the requirements of the statute.

Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.