■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN T. WHALEN, Appellant. [803 NYS2d 213]—

Carpinello, J. Appeal from an order of the County Court of Saratoga County (Scarano, Jr., J.), rendered April 16, 2004, which classified defendant as a risk level II sex offender pursuant to the Sex Offender Registration Act.

On February 11, 2004, defendant waived indictment and pleaded guilty to attempted promoting a sexual performance by a child. The plea, wherein defendant admitted to allowing a 16-year-old girl to enter his pool naked and encouraging her to masturbate, was in satisfaction of charges outlined in seven superior court informations pertaining to his conduct with three girls under the age of 17, as well as other charges. By notice

that same day, he was advised that a risk level determination hearing would be conducted pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]) as part of his April 7, 2004 sentencing. On that date, he was sentenced to six months in jail and 10 years of probation.

As noticed, immediately following sentencing, a SORA hearing ensued at which time the People maintained that defendant should be classified as a risk level III sex offender. Defendant, on the other hand, argued that he should only be assessed a risk level I and attempted to present expert testimony establishing that he was at a low risk to commit another sex crime. County Court denied repeated requests to permit this testimony but ultimately accepted, and purportedly considered, these experts' written reports. The court allocated a total of 100 points to defendant, and adjudicated him a risk level II sex offender. Defendant now appeals.

We agree with defendant's contention that County Court's written order, which inexplicably predates the SORA hearing, does not sufficiently set forth those findings of fact and conclusions of law on which its determination is based (*see* Correction Law § 168-d [3]; *see e.g. People v Sanchez*, 20 AD3d 693 [2005]). Moreover, the court's oral findings at the hearing do not support its ultimate assessment of 100 points. The court broke down defendant's numerical score by assessing 30 points for three victims, 20 points for a continuing course of sexual misconduct, 20 points for the age of the victims and 10 points for defendant's lack of acceptance of responsibility.[1] These factors only add up to 80 points.

While our inability to reconcile the 100-point assessment with either the written or oral findings would ordinarily warrant remittal of the matter to County Court (*see e.g. People v Marr*, 20 AD3d 692 [2005]; *People v Sanchez, supra*; *People v Hoppe*, 1 AD3d 712, 713 [2003]), we also agree with defendant's contention that 30 of these 100 points should not have been assessed against him. In subtracting these 30 points from the 100-point assessment—even in the absence of an explanation for the 20-point gap—it becomes clear that defendant should only be clas-

---

1. County Court specifically refused to assess any points for sexual contact or prior criminal history. When the People were asked at the SORA hearing to explain their contention that points should be assessed under the "sexual contact" category, the Assistant District Attorney indicated that the "theory" was that defendant touched one of the victim's breasts when he tucked money inside her bathing suit.

sified as a risk level I sex offender.[2] We now turn to the disputed 30 points.

The People did not present clear and convincing evidence to support the assessment of 20 points under the category "continuing course of sexual misconduct." Under the Risk Assessment Guidelines and Commentary, 20 points can be assessed under this factor in one of two ways, only one of which is argued by the People here, namely, where an offender engages in "three or more acts of sexual contact over a period of at least 2 weeks" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 10 [Nov. 1997]). Here, not only was there insufficient evidence establishing actual sexual contact between defendant and any of the victims (*see* n 1, *supra*), there was insufficient evidence establishing that he had had such contact on three or more occasions over a period of at least two weeks. Thus, County Court erred in assessing 20 points under this category (*compare People v Madlin*, 302 AD2d 751 [2003]; *People v Dorato*, 291 AD2d 580 [2002]).

Next, upon our review of the record, we find that the People also failed to establish by clear and convincing evidence that defendant failed to take responsibility for his actions (*see People v Mallory*, 293 AD2d 881 [2002]). In a letter to County Court and again at sentencing, defendant took full responsibility for his actions, stating "[i]t was 100 percent my fault" and apologized to the victims. His treating psychologist also submitted a letter to the court opining that defendant is "quite remorseful." While defendant did indicate to the probation officer that "the idea of performance for money was the [victims'] idea and not his," we are unpersuaded that this statement constitutes a denial of guilt on his part or negates the otherwise convincing evidence that he has genuinely accepted responsibility (*cf. People v Mitchell*, 300 AD2d 377 [2002], *lv denied* 99 NY2d 510 [2003]; *People v Chilson*, 286 AD2d 828 [2001], *lv denied* 97 NY2d 655 [2001]). Accordingly, County Court erred in assessing 10 points under this category.

Given these findings, which warrant a reclassification to a risk level I sex offender, we need not consider defendant's remaining contentions on appeal.

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and defendant is classified as risk level I sex offender under the Sex Offender Registration Act.

---

**2.** An offender whose score is 70 points or less is presumed to be a risk level I sex offender (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 3 [Nov. 1997]).