■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VERNON CRAWFORD, Appellant. [804 NYS2d 701]—

Mugglin, J. Appeal from an order of the County Court of Broome County (Smith, J.), rendered December 22, 2004, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

Upon his plea of guilty of the crime of sexual abuse in the first degree, defendant was sentenced to $2^1/2$ to 5 years in prison. In anticipation of defendant's release, a hearing was held to determine his sex offender risk level classification. Rather than completing the risk assessment instrument, the Board of Examiners of Sex Offenders recommended that defendant be classified as a risk level III sex offender based solely on the existence of a presumptive override factor—defendant's prior conviction of a sex crime. County Court agreed and, without consideration of any other factor, classified defendant as a risk level III sex offender. Defendant now appeals.

Defendant argues that County Court's consideration of only the presumptive override factor and its failure to make any further factual inquiry into defendant's risk level was improper. The People concede that the court is required to receive a completed risk assessment instrument in all cases, even those in which a presumptive override factor exists. For the reasons set forth in this Court's decision in *People v Sanchez* (20 AD3d 693 [2005]), we agree.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision.