██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM D. SASS, Appellant. [812 NYS2d 150]—

Crew III, J. Appeal from an order of the County Court of Rensselaer County (McGrath, J.), entered December 2, 2005, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

Following defendant's 1979 conviction, upon a plea of guilty, of attempted murder in the second degree and rape in the first degree, he was sentenced to prison. Upon his release, County Court conducted a hearing to determine defendant's appropriate sex offender classification. The People did not present a completed risk assessment instrument but, instead, recommended that defendant be classified as a risk level III sex offender based exclusively on the existence of a presumptive override factor, to wit, defendant's infliction of serious physical injury on his prior victim. At the conclusion of the hearing, County Court classified defendant as a risk level III sex offender in accordance with the Sex Offender Registration Act (*see* Correction Law art 6-C). Defendant now appeals, asserting that a downward departure to a risk level II status was warranted.

Although not specifically raised by defendant, we note that the mere presence of the presumptive override factor did not obviate the need to have the risk assessment instrument properly filled out by the People and all pertinent factors considered by County Court (*see People v Crawford,* 24 AD3d 912 [2005]; *People v Sanchez,* 20 AD3d 693, 694-695 [2005]). While such an error can be deemed harmless when it is clear that the court "reviewed all relevant evidence and made 'a final determination of the defendant's risk level based on clear and convincing evidence thereof' " (*People v Sanchez, supra* at 694, quoting *People v Brown,* 302 AD2d 919, 920 [2003]), we cannot say that such circumstances exist here.

A review of the record appears to indicate that, based upon its comments at the hearing, County Court simply concluded that the presumptive override was applicable and a downward departure therefrom was not warranted. In any event, inasmuch as County Court did not render an order detailing the findings of fact and conclusions of law upon which its determination was based (*see* Correction Law § 168-n [3]), we are precluded from engaging in the appropriate appellate review of defendant's claim that his risk level was not properly assessed (*see People v Hill,* 17 AD3d 715, 716 [2005]; *People v Hoppe,* 1 AD3d 712, 713 [2003]). Consequently, we remit the matter to County Court for a disposition in compliance with the mandates of the statute (*see* Correction Law art 6-C) and in accordance with this decision.

Cardona, P.J., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.