■ The People of the State of New York, Respondent, v James Johnston, Appellant. [813 NYS2d 832]—

Appeal from an order of the Erie County Court (Shirley Trout-man, J.), dated January 12, 2005. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Contrary to the contention of defendant, the determination of his risk level is supported by the requisite clear and convincing evidence (*see* § 168-n [3]). Defendant was convicted upon his plea of guilty of two counts of sexual abuse in the first degree with respect to a niece and a nephew who were less than 11 years old (Penal Law § 130.65 [3]), and he admitted that he had contact with one of the children while he was under probation supervision in viola-tion of a condition of probation (*see People v Roberge*, 293 AD2d 913 [2002], *lv denied* 98 NY2d 680 [2002]). Also contrary to the contention of defendant, there was clear and convincing evi-dence that three or more persons were the victims of his sexual conduct. Defendant admitted as part of his plea of guilty that he had sexual contact with two of the victims (*see* Correction Law § 168-n [3]; *People v Dort*, 18 AD3d 23, 25 [2005], *lv denied* 4 NY3d 885 [2005]; *People v Brown*, 302 AD2d 919, 920-921 [2003]) and, with respect to defendant's sexual contact with the third victim, County Court was entitled to rely upon defendant's admissions in the presentence report (*see People v Mitchell*, 300 AD2d 377 [2002], *lv denied* 99 NY2d 510 [2003]), as well as the sworn statement of that victim that defendant had sexual contact with her (*see* Correction Law § 168-n [3]). Contrary to the further contention of defendant, the fact that he did not plead guilty to any offense regarding that victim is of no mo-ment inasmuch as he admitted that he had sexual contact with her (*see generally People v Heichel*, 20 AD3d 934 [2005]; *People v Carlton*, 307 AD2d 763, 764 [2003]). Thus, "[u]pon our review of the record, we conclude that the court's determination of defendant's risk level was properly based on clear and convinc-ing evidence related to the statutory factors" (*Brown*, 302 AD2d at 921; *see People v Scott*, 288 AD2d 763, 764-765 [2001]). Pres-ent—Gorski, J.P., Martoche, Smith, Green and Pine, JJ.