■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT D. DOLAN, Appellant. [817 NYS2d 688]—

Lahtinen, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered January 11, 2005 in Rensselaer County, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty to sexual abuse in the first degree and was sentenced to one year in jail. Supreme Court subsequently determined that defendant was a risk level III sex offender. Defendant now appeals, arguing that several of the factors considered by the court in assessing his risk level were not supported by clear and convincing evidence.

Initially, we note that the Board of Examiners of Sex Offenders erred in failing to complete the entire risk assessment form based upon the existence of a presumptive override factor (*see* *People v Sanchez*, 20 AD3d 693, 694 [2005]). However, in reaching its determination, Supreme Court specifically reviewed all of the evidence presented, addressed each relevant factor set forth in the guidelines and independently calculated defendant's risk factor score. Accordingly, we find that the Board's error was harmless in this case (*see id.* at 694-695; *People v Brown*, 302 AD2d 919, 920 [2003]).

We agree with defendant that the record does not contain adequate evidence to support Supreme Court's findings that he had contact with the victim under her clothing and that he engaged in a continuing course of sexual conduct (*see* Sex Of-

fender Registration Act: Risk Assessment Guidelines and Commentary at 11 [1997 ed]). However, the remaining factors considered by Supreme Court in calculating defendant's risk assessment score are sufficiently established by the presentence investigation report, the victim's statement and the Board's case summary (*see People v Hunt*, 17 AD3d 713, 714 [2005], *lv denied* 5 NY3d 763 [2005]; *People v Ahlers*, 10 AD3d 770, 771 [2004], *lv denied* 4 NY3d 704 [2005]). Accordingly, defendant's presumptive risk assessment score should be reduced by 30 points, for a total score of 110. Notwithstanding this reduction, defendant remains a presumptive risk level III sex offender based upon his score, as well as the existence of an override factor. Absent any mitigating circumstances requiring a downward departure from the presumptive risk level classification, we will not disturb Supreme Court's determination (*see id.*).

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.