■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD FREEMAN, Appellant. [825 NYS2d 648]—Appeal from an order of the County Court of Chemung County (Buckley, J.), rendered February 23, 2005, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

Defendant was convicted in 1979 of sodomy in the first degree after he had anal intercourse with a 16-month-old boy. He was sentenced to 3 to 9 years in prison and was released to parole supervision in January 1986. While on parole, defendant was convicted of attempted sodomy in the first degree after he had inappropriate sexual contact with a six-year-old girl. He was sentenced to 5 to 10 years in prison. Following his release, a hearing was conducted pursuant to the consent decree set forth in *Doe v Pataki* (3 F Supp 2d 456 [1998]) to redetermine the appropriate risk level assessment that should be given to defendant under the Sex Offender Registration Act (*see* Correction Law art 6-C). The Board of Examiners of Sex Offenders did not fully complete a risk level assessment instrument, but determined that defendant was a risk level III sex offender based upon his 1979 sodomy conviction which constituted a presumptive override to level III. At the conclusion of the hearing, County Court assessed defendant as a risk level III sex offender. Defendant now appeals. Defense counsel seeks to be relieved of his assignment of representing defendant on the ground that there are no nonfrivolous issues to be raised on appeal.

Inasmuch as the ultimate classification involved an exercise of County Court's discretion based on the record as a whole—including consideration of those factors in the risk assessment form* as well as the testimony and arguments raised by defendant at the hearing—we find that nonfrivolous issues could have been raised on defendant's behalf (*see People v Stokes*, 95 NY2d 633, 636 [2001]; *People v Scott*, 12 AD3d 721, 721 [2004]; *see also* Correction Law § 168-n [3]). Accordingly, without expressing any opinion as to the ultimate merit of the potential issues, defense counsel's application to be relieved of assignment is granted and new counsel will be assigned to address any issues the record may disclose (*see People v Stokes, supra*; *People v Cruwys*, 113 AD2d 979 [1985], *lv denied* 67 NY2d 650 [1986]).

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.

---

* We have previously ascribed error where, as here, the risk level assessment instrument was not fully completed (*see People v Sanchez*, 20 AD3d 693, 694 [2005]; *cf. People v Dolan*, 30 AD3d 697, 697-698 [2006]).