■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR OGINSKI, Appellant. [824 NYS2d 810]—

Spain, J. Appeal from an order of the County Court of Saratoga County (Scarano Jr., J.), entered March 16, 2005, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

On December 1, 2004, defendant pleaded guilty to two counts of sexual abuse in the first degree as charged against him in two superior court informations involving two victims. In anticipation of his release from prison, a risk assessment instrument was prepared containing the recommendation of the Board of Examiners of Sex Offenders. Pursuant thereto a score of 130

---

was calculated—including 10 points under factor No. 2 for having had sexual contact with a victim "under clothing," and 30 points under factor No. 9 for having a prior conviction for sexual abuse in the first degree—giving rise to a presumptive risk level of III. Following a hearing, County Court issued a written order essentially adopting the Board's calculations and classified defendant as a risk level III sex offender and also found defendant to be a sexually violent offender (*see* Correction Law § 168-n [3]).

On appeal, defendant asserts that County Court should not have considered—under factor No. 9 for "prior crimes"—his 1987 conviction for sexual abuse because it was too temporally remote to be a valid predictor of his likelihood of reoffending. This precise claim was not raised in or expressly considered by County Court and is, thus, not preserved for our review (*see* CPL 470.05 [2]). In any event, an assessment of a sex offender's risk of reoffending and threat to public safety is properly based upon "criminal history factors indicative of high risk of repeat offense, [and] the number, date and nature of prior offenses" (Correction Law § 168-l [5] [a], [b] [iii]). Indeed, the Board's guidelines on this factor recognize that "[a]n offender's prior criminal history is significantly related to his [or her] likelihood of sexual recidivism, particularly when his [or her] past includes violent crimes or sex offenses" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 13 [Nov. 1997]). The relative remoteness of the prior sex offense does not preclude the court's reliance upon it in assessing the risks posed by an offender although, by comparison, the recency of the prior offense (defined as less than three years) may result in the assignment of additional points under factor No. 10, which did not occur here.

On this record, we find no abuse of discretion in County Court's determination to consider and give weight to defendant's prior sex offense in weighing the risks that he continues to pose, or in the court's implicit conclusion that the remoteness of that prior offense was not a mitigating factor warranting downward modification from the presumptive risk level III classification (*see People v Mabb*, 32 AD3d 1135, 1135 [2006]; *People v Hyson*, 27 AD3d 919, 920 [2006]; *People v Scott*, 288 AD2d 763, 764 [2001]). Moreover, although not discussed before County Court, defendant's prior felony was for a sex crime which constituted an override factor also presumptively placing him in the risk level III category (*see People v Sacco*, 17 AD3d 711, 712 [2005]).

We are similarly unpersuaded by defendant's claim, with

regard to the present offenses, that there was inadequate evidence to support the addition of 10 points under factor No. 2 for having sexual contact with a victim "under clothing." The victim's sworn statement provided clear and convincing proof of this factor (*see People v Perser*, 29 AD3d 767 [2006], *lv denied* 7 NY3d 710 [2006]; *cf. People v Dolan*, 30 AD3d 697, 697 [2006]) and, in any event, defendant's assertion that the contact was solely "over clothing"—if accurate—would only reduce his score by five points to 125 points, still well within the risk level III category.

Cardona, P.J., Peters, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.