■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID DORSETT, Appellant. [826 NYS2d 242]—

Order, Supreme Court, New York County (Ruth L. Sussman, J.), entered on or about April 25, 2005, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The record establishes that the hearing court considered all the relevant factors, including mitigating factors presented by defendant. The court properly invoked the overriding factor of infliction of serious physical injury (see People v Brown, 302 AD2d 919, 920 [2003]). Although defendant was assessed points under the risk assessment instrument for use of violence, and although that assessment and the override were both based on the facts of the underlying rape, there was no improper double assessment. The assessment for use of violence did not reflect the fact that defendant caused serious physical injury, a circumstance reflecting defendant's enhanced risk to public safety. Moreover, defendant's infliction of injury upon the rape victim was particularly heinous, and this factor, along with other aspects of defendant's criminal history, outweighed the mitigating circumstances.

In view of this determination, we decline to reach defendant's argument concerning the court's assessment of certain points under the risk assessment instrument. Concur—Saxe, J.P., Sullivan, Nardelli, Sweeny and Malone, JJ.