■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN MOORE, Appellant. [826 NYS2d 924]—Appeal from an order of the Supreme Court, Monroe County (John J. Brunetti, A.J.), entered March 1, 2005. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). The total risk

factor score on the risk assessment instrument placed defendant at risk level two, but Supreme Court determined that defendant is a level three risk based upon the existence of an overriding factor, i.e., his prior felony conviction for a sex crime (*see generally* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 3-4 [Nov. 1997]). Defendant failed to preserve for our review his contention that the court improperly shifted the burden of proof to him (*see People v Brown*, 302 AD2d 919, 920 [2003]). In any event, the record establishes "that the court's determination of defendant's risk level was properly based on clear and convincing evidence related to the statutory factors" (*id.* at 921; *cf. People v Sanchez*, 20 AD3d 693, 694 [2005]). Further, the record contains no evidence of the existence of special circumstances that would warrant a downward departure from defendant's presumptive risk level (*see People v Guaman*, 8 AD3d 545 [2004]). Present—Scudder, P.J., Hurlbutt, Gorski and Martoche, JJ.