■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL McCLELLAND, Appellant. [832 NYS2d 372]—

Appeal from an amended order of the Erie County Court (Shirley Troutman, J.), entered September 13, 2005. The amended order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an amended order determining, following his release from incarceration for sex crimes of which he was convicted in 1988, that he is a level three risk under the Sex Offender Registration Act (Correction Law § 168 *et seq.*). The Board of Examiners of Sex Offenders (Board) recommended that defendant be classified as a level three risk based on an override factor, i.e., that defendant had "a prior felony conviction for a sex crime," and it further recommended that no "departure from the presumptive risk level is warranted." Contrary to the contention of defendant, the People met their burden of proving by clear and convincing evidence that he is a level three risk based on their submission of the certificate of conviction from defendant's 1982 felony conviction of, inter alia, sodomy in the first degree (Penal Law former § 130.50 [1]) and rape in the first degree (§ 130.35 [1]). Once the People established the basis for the presumptive override by clear and convincing evidence, "[i]t [was] then the duty of the

sentencing court to 'review any victim's statement and any relevant materials and evidence submitted by the [defendant] and the district attorney and the recommendation and any materials submitted by the [B]oard' and to make a final determination of the defendant's risk level based on clear and convincing evidence" (*People v Brown*, 302 AD2d 919, 920 [2003], quoting Correction Law § 168-n [3]). Here, County Court reviewed the facts underlying the 1988 conviction and defendant's extensive criminal history, including a conviction of a burglary that was committed after defendant was released from incarceration on the 1988 underlying offense, and defendant's commission of a sexual offense while on parole for the earlier sexual offense. "Upon our review of the record, we conclude that the court's determination of defendant's risk level was properly based on clear and convincing evidence related to the statutory factors" (*id.* at 921).

We note that the Board erred in failing to complete the entire risk assessment instrument (*see e.g. People v Dolan*, 30 AD3d 697 [2006]; *People v Sass*, 27 AD3d 968, 969 [2006]; *People v Sanchez*, 20 AD3d 693, 694 [2005]). That instrument must be properly completed regardless of the existence of an override factor (*see Sass*, 27 AD3d at 969; *Sanchez*, 20 AD3d at 694). That error is harmless, however, because the court reviewed the relevant evidence and made "a final determination of the defendant's risk level based on clear and convincing evidence" (*Brown*, 302 AD2d at 920; *cf. Sass*, 27 AD3d at 969). Present—Gorski, J.P., Centra, Lunn, Peradotto and Pine, JJ.