■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO YOUNG, Appellant. [834 NYS2d 354]—

Peters, J. Appeal from an order of the County Court of Essex County (Halloran, J.), entered December 30, 2005, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

In 1988, defendant pleaded guilty in New Hampshire to aggravated felonious sexual assault stemming from his abuse of his then 14-year-old stepdaughter. After serving his sentence and relocating to Essex County, a hearing was conducted in order to determine defendant's risk level status. County Court classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C). Defendant appeals and we affirm.

A properly completed risk assessment instrument was submitted by the People and considered by the classifying court (*see People v Sass*, 27 AD3d 968, 969 [2006]). The record reveals that County Court reviewed all of the relevant evidence and made a final determination based upon clear and convincing evidence. While defendant asserts that his plea to the 1988 indictment was not sufficient to support a conclusion that he engaged in sexual intercourse with his stepdaughter, we disagree. The "acknowledgment of rights" executed by him on June 14, 1988, cosigned by his counsel, contains his admission that he "committed the acts charged in the indictment and that [he] intended to do so." As this was his second felony conviction for sexual assault, the first being seven years prior with the same victim, we find County Court's numerical scoring on the various factors in the risk assessment instrument to be properly supported.

We have considered defendant's additional ascriptions of error and find them to be without merit.

Mercure, J.P., Crew III, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.