■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN TORCHIA, Appellant. [832 NYS2d 826]—

Mercure, J.P. Appeal from an order of the County Court of Columbia County (Leaman, J.), entered May 4, 2000, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

Defendant was convicted in Tennessee of attempted aggravated sexual battery, a felony for which he was required to register as a sex offender, and sentenced to six years of probation. Upon transfer of his probation supervision to Columbia County, a hearing was conducted to determine defendant's risk level classification. At the conclusion of the hearing, County Court designated him a risk level III sex offender in accordance with the Sex Offender Registration Act (see Correction Law art 6-C). Defendant appeals and we now reverse.

Although this issue is not raised by defendant, we note sua sponte that the Board of Examiners of Sex Offenders failed to complete the entire risk assessment instrument, as it was required to do notwithstanding the existence of an override factor, and the error cannot be deemed harmless inasmuch as there is no indication in the record that County Court considered "all relevant evidence and made 'a final determination of the defendant's risk level based on clear and convincing evidence thereof' " (People v Sanchez, 20 AD3d 693, 694 [2005], quoting People v Brown, 302 AD2d 919, 920 [2003]; see People v Sass, 27 AD3d 968, 969 [2006]; see also Sex Offender Registration Act:

---

Risk Assessment Guidelines and Commentary, at 2 [Nov. 1997]; *cf. People v McClelland*, 38 AD3d 1274, 1275 [2007]). In any event, County Court did not issue an order detailing the findings of fact and conclusions of law upon which its determination was premised (*see* Correction Law § 168-n [3]), thereby precluding meaningful appellate review of defendant's designation as a risk level III sex offender (*see People v Sass, supra* at 969; *People v Miranda*, 24 AD3d 909, 910-911 [2005]; *People v Sanchez, supra* at 694). Accordingly, we remit this matter to County Court for a disposition in compliance with the mandates of the statute (*see* Correction Law art 6-C) and in accordance with this decision.

The parties' remaining arguments are rendered academic by our determination.

Spain, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Columbia County for further proceedings not inconsistent with this Court's decision.