■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY CASTLEBERRY, Appellant. [842 NYS2d 824]—

Appeal from an order of the Erie County Court (Shirley Troutman, J.), entered September 29, 2006. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*). Defendant contends that County Court's determination of his risk level is based in part upon the court's inaccurate characterizations of the facts concerning his criminal history and drug use while incarcerated. Defendant's contention is preserved for our review only to the extent that defendant contends that the information presented to the court was hearsay (*see generally People v Staples*, 37 AD3d 1099 [2007], *lv denied* 8 NY3d 813 [2007]; *People v Smith*, 17 AD3d 1045 [2005], *lv denied* 5 NY3d 705 [2005]). We reject that contention. The court relied on defendant's own statements during the SORA hearing, as well as the presentence report and the case summary prepared in anticipation of defendant's release from incarceration, in determining that a level three risk classification was appropriate (*see generally People v Warren*, 42 AD3d 593 [2007]). Contrary to defendant's contention, the case summary contains reliable hearsay and the court therefore properly relied upon it (*see People v Ramos*, 41 AD3d 1250 [2007]; *People v Marrocco*, 41 AD3d 1297 [2007]).

Defendant further contends that the court abused its discretion in assessing 15 points for his release from incarceration without further supervision and 5 points for his refusal of treatment while incarcerated inasmuch as he is presently confined pursuant to the Mental Hygiene Law and thus is both under supervision and receiving treatment. The record contains no evidence supporting the statement in defendant's brief on appeal

that defendant is presently confined and, in any event, to the extent that such confinement occurred after the SORA proceedings, that information was not before the court when it determined defendant's risk level.

Finally, we reject defendant's contention that the court abused its discretion in applying the presumptive override for a prior sex felony conviction in determining that defendant is a level three risk. Although that prior sex felony conviction occurred in 1990, the court noted that defendant had twice violated parole with respect to the sentence he received for that prior conviction and that he committed the acts resulting in the instant conviction of rape in the first degree in 1997, less than two years after he was discharged from the sentence for the prior conviction. The record thus establishes that the court considered the recency of the prior sex conviction and did not merely adopt the presumptive override recommended by the Board. Rather, the court independently assessed whether that override was warranted (cf. *People v Sass*, 27 AD3d 968, 969 [2006]; *People v Sanchez*, 20 AD3d 693, 694-695 [2005]). Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Green, JJ.