■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WENDELL PATTERSON, Appellant. [860 NYS2d 116]—Appeal by the defendant from an order of the County Court, Nassau County (Brown, J.), dated February 1, 2006, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant's contention that the County Court erred in relying solely on the presumptive override for a prior felony sex offense conviction to find that he was a level three sex offender is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the contention is without merit, as the record establishes that the County Court heard from the parties concerning the pertinent factors on the risk assessment instrument prepared by the Board of Examiners, and ultimately adopted the Board's recommendation that there was no basis to depart from the level three designation, which resulted from the presumptive override (*see People v Castleberry*, 43 AD3d 1369 [2007]). Mastro, J.P., Skelos, Lifson and Leventhal, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY PORTER, Appellant. [856 NYS2d 862]—Appeal by the defendant from an order of the County Court, Dutchess County (Dolan, J.), dated June 6, 2006, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The County Court's determination to designate the defendant a level two sex offender was supported by clear and convincing evidence, and thus should not be disturbed (*see* Correction Law § 168-n [3]; *People v Gambetta,* 19 AD3d 571 [2005]). Rivera, J.P., Santucci, Eng and Chambers, JJ., concur.