■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES O. ROBERTS, Appellant. [863 NYS2d 837]—

Malone Jr., J. Appeal from an order of the County Court of Broome County (Smith, J.), entered June 22, 2007, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

In satisfaction of a three-count indictment, defendant pleaded guilty to sexual abuse in the first degree and was sentenced, as a second felony offender, to three years in prison and five years of postrelease supervision. Although defendant was presumptively classified as a risk level two sex offender, the Board of Examiners of Sex Offenders sought an upward departure and recommended that defendant be classified as a risk level three predicate sex offender. Following a hearing, County Court granted the upward departure and classified defendant as a risk level three sex offender, prompting this appeal.

Preliminarily, although defendant is correct that County Court failed to render an order detailing the findings of fact and conclusions of law upon which its determination was based (*see* Correction Law § 168-n [3]), remittal is not required where, as here, the court's oral findings are clear, supported by the record

and sufficiently detailed to permit intelligent appellate review (*see People v Joslyn*, 27 AD3d 1033, 1035 [2006]; *compare People v Marr*, 20 AD3d 692, 693 [2005]). Turning to the merits, "[t]o justify an upward departure from a presumptive risk classification, an aggravating factor must exist which was not otherwise adequately taken into consideration by the risk assessment guidelines, and the court's finding of such a factor must be supported by clear and convincing evidence" (*People v Brown*, 45 AD3d 1123, 1124 [2007], *lv denied* 10 NY3d 703 [2008]; *see People v Cruz*, 28 AD3d 819 [2006]).

Here, in concluding that an upward departure was warranted, County Court cited defendant's conduct in this matter, his 1998 conviction of sexual abuse in the second degree and sexual abuse in the third degree, and, of particular significance, defendant's 2004 conviction for failure to register as a sex offender. We agree with defendant that the particular circumstances of this offense and his 1998 sexual abuse conviction are adequately covered by the current offense and criminal history portions of the risk assessment instrument and, therefore, cannot be considered aggravating factors. Contrary to defendant's assertion, however, his failure to comply with previously imposed sex offender registration requirements is not adequately taken into consideration by the risk assessment guidelines and was properly considered as justification for the upward departure (*see People v Hill*, 50 AD3d 990, 991 [2008], *lv denied* 11 NY3d 701 [2008]). Accordingly, we decline to disturb County Court's classification of defendant as a risk level three sex offender.

Mercure, J.P., Spain, Carpinello and Stein, JJ., concur. Ordered that the order is affirmed, without costs.