■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS A. KENNEDY, Appellant. [912 NYS2d 453]—Mercure, J.P. Appeal from an order of the County Court of Clinton County (McGill, J.), entered October 9, 2009, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.

Defendant pleaded guilty to, among other things, two counts of criminal sexual act in the second degree and was sentenced to a prison term of 2⅓ to 7 years. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument that presumptively classified defendant as a risk level three sex offender. At the hearing that followed, defendant sought a downward modification based upon, among other things, a specialized psychological evaluation submitted on his behalf. County Court denied defendant's request and classified him as a risk level three sex offender, prompting this appeal.

County Court failed to issue an order setting forth its findings of fact and conclusions of law as required by Correction Law § 168-n (3), and its execution of the standardized form designating defendant's risk level classification did not discharge its duty under the statute (*see People v Marr*, 20 AD3d 692, 693 [2005]). While we have found the statutory mandate to have been satisfied where the classifying court made detailed oral findings on the record (*see e.g. People v Roberts*, 54 AD3d 1106, 1106-1107 [2008], *lv denied* 11 NY3d 713 [2008]; *People v Joslyn*, 27 AD3d 1033, 1035 [2006]), County Court here made no oral or written findings, thereby precluding meaningful appellate review of defendant's classification as a risk level three sex offender (*see People v Torchia*, 39 AD3d 1137, 1138 [2007]; *People v Sass*, 27 AD3d 968, 969 [2006]; *People v Sanchez*, 20 AD3d 693, 695 [2005]; *People v Hill*, 17 AD3d 715, 716 [2005]). Accordingly, we reverse and remit this matter to County Court for a disposition in compliance with the statutory requirements.

Peters, Rose, Malone Jr. and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this Court's decision.