People v Bush (2019 NY Slip Op 04237)





People v Bush


2019 NY Slip Op 04237


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

525311

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
TIMOTHY D. BUSH, Appellant.

Calendar Date: May 1, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Michelle E. Stone, Vestal, for appellant, and appellant pro se.
Matthew VanHouten, District Attorney, Ithaca (Andrew J. Bonavia of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from an order of the County Court of Tompkins County (Rowley, J.), entered May 26, 2017, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In 1993, defendant was convicted following a jury trial of rape in the first degree, burglary in the first degree, assault in the first degree and sexual abuse in the first degree (People v Bush, 266 AD2d 642 [1999], lv denied 94 NY2d 917 [2000]). The convictions stem from defendant's unlawful entry into the residence of a sleeping woman, whom he struck in the head with a flashlight, fracturing her skull, and forced her to have sexual intercourse (id. at 642). Defendant was sentenced to a lengthy prison term, but, before he completed it, the Board of Parole granted him an open release date of May 23, 2017. In anticipation of defendant's release, the Board of Examiners of Sex Offenders prepared a risk assessment instrument (hereinafter RAI) in accordance with the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]). The RAI assigned defendant a total of 70 points, which placed him in the risk level one category, but applied an override based on his infliction of serious physical injury to the victim, resulting in the Board's recommendation that defendant be classified as a risk level three sex offender. Following the SORA hearing, County Court assigned defendant a total of 90 points, which placed him in the risk level two category [FN1]. However, it also applied the override based on defendant's infliction of serious physical injury to the victim, resulting in a determination classifying defendant a risk level three sex offender, and designated him a sexually violent offender. Defendant appeals.
Defendant argues, among other things, that County Court's application of the override based upon his infliction of serious physical injury to the victim, which effectively elevated him to the risk level three category, is not supported by clear and convincing evidence. We disagree. Initially, "[t]he People bear the burden of proving the facts supporting the determination of a defendant's risk level by clear and convincing evidence" (People v Davis, 135 AD3d 1256, 1256 [2016] [internal quotation marks and citation omitted], lv denied 27 NY3d 904 [2016]; see People v Cook, 29 NY3d 121, 125 [2017]; see also Correction Law § 168-n [3]). "Generally, an offender's risk category is presumptively scored by points on the SORA [RAI]" (People v Brown, 302 AD2d 919, 920 [2003]; see People v Taylor, 47 AD3d 907, 908 [2008], lv denied 10 NY3d 709 [2008]). "There are, however, four presumptive overrides that will result in a risk level three recommendation, [with] the one at issue here being 'the infliction of serious physical injury or the causing of death'" (People v Brown, 302 AD2d at 920, quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3 [1996] [internal citation omitted]). With regard to this override, the commentators have noted that "the term serious physical injury has its Penal Law meaning: 'physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health, or protracted loss or impairment of the function of any bodily organ'" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 19 [2006], quoting Penal Law § 10.00 [10]).
At defendant's criminal trial, it was established that he struck the victim with a flashlight with such force that she sustained a fractured skull (People v Bush, 266 AD3d at 624). As a result, he was convicted of assault in the first degree, which includes the element of causing serious physical injury to another person (see Penal Law § 120.10 [4]). In addition, the documentation provided by the Board indicates that the victim was hospitalized for eight days and underwent rehabilitation for four to five months. In view of this, clear and convincing evidence supports County Court's application of the presumptive override and its classification of defendant as a risk level three sex offender (see People v Taylor, 47 AD3d at 908; People v Barnes, 34 AD3d 1227, 1228 [2006], lv denied 8 NY3d 803 [2007]; People v Brown, 302 AD2d at 920). We have considered defendant's remaining contentions and find them to be without merit. Therefore, we find no reason to disturb County Court's risk level classification.
Lynch, Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Unlike the Board, County Court assessed an additional 20 points under risk factor 6 based on the victim's physical incapacitation due to the fact that she was sleeping at the time of the attack.