The People of the State of New York, Respondent,
against
Vernon Corbett, Appellant.




New York City Legal Aid Society (Steven J. Miraglia and Justine M. Luongo of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and William H. Branigan of counsel), for respondent.

Appeal from an order of the Criminal Court of the City of New York, Queens County (Gia L. Morris, J.), entered October 2, 2017. The order, after a hearing, designated defendant a level three sex offender pursuant to Correction Law article 6-C.




ORDERED that the order is affirmed, without costs.
In July 2017, defendant pleaded guilty to the charge of attempted possession of a sexual performance by a child (Penal Law §§ 110.00, 263.16). At a hearing held pursuant to the Sex Offender Registration Act (SORA) (see Correction Law § 168-n), the People established by clear and convincing evidence that defendant had been previously convicted of a felony sex offense on June 26, 2015 and had been designated a level two sex offender prior to the instant SORA hearing. Additionally, the evidence adduced at the SORA hearing established that at the time defendant had committed the current offense to which he pleaded guilty, his cell phone contained photographs depicting naked male and female children. The Criminal Court assessed defendant a total of 110 points under the risk assessment instrument (RAI), 20 points of which were assessed under risk factor seven, because the victims—the children depicted in the photographs—were strangers to the defendant. The court found that defendant was presumptively a level three sex offender pursuant to an automatic override as a result of the prior [*2]felony conviction (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006]; People v Champagne, 140 AD3d 719 [2016]; People v Guitard, 57 AD3d 751, 752 [2008]; People v Patterson, 51 AD3d 750 [2008]). Defendant requested a downward departure from his presumptive designation as a level three sex offender. He argued that he was employed full time trying to become a productive member of society and that he lived in a home which he owned. The Criminal Court denied defendant's request for a downward departure and adjudicated him a level three sex offender.
On appeal, defendant contends that the court should have granted his request for a downward departure from his presumptive risk level. Defendant argues that his employment situation, living conditions and the fact that he did not have in his possession a large quantity of child pornography were mitigating factors which the court should have considered in determining his request for a downward departure.
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence' (People v Wyatt, 89 AD3d 112, 128 [2011]; see People v Gillotti, 23 NY3d 841 [2014]; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861)" (People v Dubeau, 174 AD3d 748, 749 [2019]). Upon a review of the record, we find that the mitigating factors raised by defendant at the SORA hearing regarding his employment and living situation are already adequately taken into account in the risk assessment instrument under risk factor 15 (Living/employment situation) (see People v June,150 AD3d 1701 [2017]), and, in light of the seriousness of the underlying conviction, and his prior felony conviction for a sex crime, the court did not improvidently exercise its discretion in denying a downward modification (see People v Cabrera, 91 AD3d 479 [2012]). As defendant did not argue before the SORA court that he was entitled to a downward departure because he did not possess a large quantity of explicit images of children, that claim is unpreserved, and we decline to review it in the interest of justice (see People v Rosales, 133 AD3d 733 [2015]).
Accordingly, the order is affirmed.
ALIOTTA, J.P., PESCE and ELLIOT, JJ., concur. 

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 22, 2019