THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH REYNOLDS, Appellant. [891 NYS2d 451]—

The defendant was convicted on July 26, 2004 of sexual abuse in the first degree, a class D violent felony sex crime under Penal Law § 130.65 (1). On November 24, 2008 a hearing was held to determine the defendant's risk level pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]). The County Court designated the defendant a level three sex offender based on a presumptive override for a prior felony conviction of a sex crime.

The County Court concluded, incorrectly, that the application of a presumptive override, based upon the defendant's prior felony conviction of a sex crime, was mandatory and that the

court did not have discretion to depart from the automatic override which placed the defendant in the risk level three category. Although the defendant made it clear that he was seeking a downward departure, his counsel stated on the record: "What I explained to my client is that this isn't a departure. He can't get a level two under a mandatory override. There is no choice based on the fact he had a prior felony conviction for a sexual crime. It's mandatory, required by law; that we can't get level two even if we want to." Thereafter, in response to the defendant's application for a level two risk assessment, the court stated that it had no choice because it was a "mandatory override."

Although the defendant's prior felony conviction of a sex crime raised his presumptive risk level from level two to level three (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 3-4 [2006]), the court is not mandated to apply the override but may, in appropriate circumstances, impose a lower risk level than that suggested by the risk assessment instrument (hereinafter RAI) where the court concludes that the factors in the RAI do not result in an appropriate designation (*see People v Mingo*, 12 NY3d 563 [2009]; *People v Sanchez*, 20 AD3d 693, 694 [2005]).

"The risk level calculated from aggregating the . . . overrides is 'presumptive' because the Board or court may depart from it if special circumstances warrant. The ability to depart is premised on a recognition that an objective instrument, no matter how well designed, will not fully capture the nuances of every case. Not to allow for departures would, therefore, deprive the Board or a court of the ability to exercise sound judgment and to apply its expertise to the offender" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]). Thus, the role of the court is to examine all relevant evidence and not merely adopt the recommendation set forth in the RAI (*see People v Sanchez*, 20 AD3d at 694).

The court's failure to correct defense counsel's erroneous characterization of the override as mandatory rather than presumptive, and the court's failure to apply the correct "presumptive" standard, deprived the defendant of the opportunity to present mitigating circumstances in support of his application for a downward departure (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]).

Under these circumstances, the matter must be remitted to the County Court, Nassau County, for a new hearing and determination at which the court shall indicate on the record its findings of fact and conclusions of law.

In light of this determination, the defendant's remaining contentions need not be addressed. Rivera, J.P., Dillon, Miller and Roman, JJ., concur.