■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH A. DENNY, Appellant. [929 NYS2d 886]—

Stein, J.

Defendant pleaded guilty to attempted rape in the second degree in 2008 and was sentenced to a prison term of 1½ to 3 years. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument assessing points for, among other things, defendant's prior conviction for attempted rape in the second degree. Although the points assessed classified defendant as a risk level two sex offender, the Board further noted that his prior conviction constituted an override factor presumptively subjecting him to a risk level three classification. County Court conducted a hearing, following which it classified defendant as a risk level three predicate sex offender. Defendant now appeals.

We reverse. Defendant argued before County Court that his

prior conviction was adequately taken into account by the points assessed for it in the risk assessment instrument and that, in light of the evidence presented at the hearing, a risk level two classification was appropriate notwithstanding the presumptive override. County Court rejected that argument, stating its erroneous belief that it had no "discretion to otherwise modify [defendant's] classification" given the override (*see People v Sanchez*, 20 AD3d 693, 694-695 [2005]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 4 [2006]). Inasmuch as the court failed to apply the correct "presumptive" standard and to adequately consider defendant's assertions of mitigating circumstances, remittal is required so that a proper evaluation of his risk level may occur (*see People v Reynolds*, 68 AD3d 955, 956 [2009]; *People v Sanchez*, 20 AD3d at 694-695). Defendant's remaining contention is, therefore, academic.

Peters, J.P., Spain, McCarthy and Garry, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision.