Appeal by the defendant from an order of the Supreme Court, Queens County (Aloise, J.), dated January 4, 2011, which, after a hearing, designated him a level three sexually violent offender pursuant to Correction Law article 6-C.
Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new determination in accordance herewith.
In support of its designation of the defendant as a level three sexually violent offender under the Sex Offender Registration Act (see Correction Law art 6-C), the Supreme Court considered a risk assessment instrument (hereinafter the RAI) and case summary prepared by the New York Board of Examiners of Sex Offenders (hereinafter the Board). The case summary was based upon the Board’s review of, inter alia, the defendant’s inmate file, presentence investigation, and prior criminal history. The Board noted that the defendant’s prior conviction of a felony sex crime in Florida resulted in an “automatic override” to presumptive risk level three (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at risk factor 9 [3] [2006]; see People v Reynolds, 68 AD3d 955 [2009]; People v Sanchez, 20 AD3d 693 [2005]). In addition, the Board assessed points under seven risk factors for an aggregate score of 120 points, placing the defendant in the presumptive risk level three category. At the risk level assessment hearing, the defendant challenged the automatic override factor and the points assessed under several of the risk factors.
On appeal, the defendant correctly contends that the Supreme Court failed to set forth findings of fact and conclusions of law as mandated by Correction Law § 168-n (3). While remittal to the Supreme Court is not required where the record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Melzer, 89 AD3d 1000, 1001 [2011]; People v Vega, 79 AD3d 718, 719 [2010]), we deem the record in this case to be insufficient for this purpose. The Supreme Court failed to state whether its determination was based upon the automatic override or the points assessed in the RAI, and failed to make findings with respect to the contested risk factors. *868 Moreover, the court failed to recognize a misstatement of the prosecutor to the effect that the court was without discretion in determining the risk level in light of the automatic override factor. Contrary to the prosecutor’s statement, the applicability of an override did not preclude the court from departing from a level three designation (see People v Reynolds, 68 AD3d at 956; People v Sanchez, 20 AD3d at 694).
Under these circumstances, the matter must be remitted to the Supreme Court, Queens County, for a new determination, at which the court shall indicate on the record its findings of fact and conclusions of law. Dillon, J.P., Angiolillo, Leventhal and Sgroi, JJ., concur.