■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT EDNEY, Appellant. [974 NYS2d 293]—

Appeal by the defendant from an order of the Supreme Court, Nassau County (St. George, J.), dated May 23, 2011, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a new risk assessment hearing and a new risk level determination, to be preceded by receipt of a recommendation from the Board of Examiners of Sex Offenders pursuant to Correction Law § 168-*l* upon notice to the defendant in accordance with Correction Law § 168-n (3).

As the People correctly concede, the hearing court improperly concluded that the application of a presumptive override was mandatory (*see People v Taylor*, 103 AD3d 867, 868 [2013]; *People v Reynolds*, 68 AD3d 955, 956 [2009]; *People v Sanchez*, 20 AD3d 693, 695 [2005]). Further, the defendant was not timely notified of his opportunity to submit to the Board of Examiners of Sex Offenders (hereinafter the Board), before the Board issued its report and recommendation, any information which he believed was relevant for its review (*see People v Black*, 33 AD3d 981, 982 [2006]). Moreover, the defendant was not properly advised of his statutory right to counsel at the hearing (*see* Correction Law § 168-n [3]). Therefore, his waiver of counsel at the hearing was invalid (*see People v Wilson*, 103 AD3d 1178, 1179 [2013]).

The defendant's remaining contentions are without merit or need not be addressed in light of our determination.

Accordingly, we reverse the order and remit the matter to the Supreme Court, Nassau County, for a new risk assessment hearing and a new risk level determination, to be preceded by receipt of a recommendation from the Board pursuant to Correction Law § 168-*l* upon notice to the defendant in accordance with Correction Law § 168-n (3). Dillon, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.