# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

357

KA 12-01878

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                        MEMORANDUM AND ORDER

WILLIAM J. MOORE, DEFENDANT-APPELLANT.

---

THEODORE W. STENUF, MINOA, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Onondaga County Court (Joseph E. Fahey, J.), dated August 14, 2012. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*). Based upon the total risk factor score of 85 points on the risk assessment instrument, defendant was presumptively classified as a level two risk. County Court determined that defendant was a level three risk based on the automatic override for a prior felony conviction of a sex crime. That was error. "[N]o basis in law exists for . . . an automatic override [to] increase[] defendant's presumptive risk level two designation to risk level three" (*People v Moss*, 22 NY3d 1094, 1095, citing Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006]). "A departure from the presumptive risk level is warranted where there exists an aggravating or mitigating factor of a kind or to a degree, not otherwise adequately taken into account by the guidelines" (*People v Scott*, 111 AD3d 1274, 1275, *lv denied* 22 NY3d 861 [internal quotation marks omitted]). " 'There must exist clear and convincing evidence of the existence of special circumstance[s] to warrant an upward or downward departure' " (*id.*, quoting *People v Guaman*, 8 AD3d 545, 545). Because the court erred in increasing defendant's risk level based on its determination that there was an automatic override, we reverse the order, vacate defendant's risk level determination and remit the matter to County Court for further proceedings in compliance with Correction Law § 168-

n (3) (*see People v Hackett*, 89 AD3d 1479, 1479-1480).

Entered:  March 28, 2014                    Frances E. Cafarell
                                            Clerk of the Court