## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: October 23, 2014        515769
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,

                Respondent,

      v                               MEMORANDUM AND ORDER

TYRONE PACE, Also Known as
    SCOTT PACE,

                Appellant.
_____

Calendar Date: September 10, 2014

Before: Lahtinen, J.P., McCarthy, Rose, Lynch and Devine, JJ.

_____

Jane M. Bloom, Monticello, for appellant.

James R. Farrell, District Attorney, Monticello, for respondent.

_____

Lahtinen, J.P.

Appeal from an order of the County Court of Sullivan County (Labuda, J.), entered August 24, 2012, which classified defendant as a risk level III sex offender pursuant to the Sex Offender Registration Act.

In 2000, defendant was sentenced to 15 years in prison upon his plea of guilty to rape in the first degree for forcing a 13-year-old victim to have sexual intercourse with him. At that time, he also had a prior felony conviction involving sexual activity with another 13-year-old female victim. As his prison release date approached, the Board of Examiners of Sex Offenders calculated a total risk factor of 100, which fell within the range of a risk level II sex offender. However, the Board noted

that his prior felony conviction for a sex crime constituted an override factor presumptively subjecting him to a risk level III classification. Following a hearing, County Court classified defendant as a risk level III sex offender. Defendant appeals.

We affirm. Defendant argues that the override factor for his prior sex crime felony conviction was improperly referred to at the hearing as "mandatory" rather than "presumptive." Treating the presumptive override as mandatory is a ground for reversal (see People v Denny, 87 AD3d 1230, 1231 [2011]; People v Reynolds, 68 AD3d 955, 955-956 [2009]). During the hearing, the People urged that the override was mandatory and County Court characterized it as such when directing the People to submit proposed findings. However, the subsequent order, while noting that the People had argued for a mandatory override, nevertheless went on to state, when discussing the relevant findings, that the prior felony sex crimes conviction constituted a presumptive override. Since the correct standard was used in the part of the order discussing the pertinent facts and concluding that a downward departure was not warranted, we are unpersuaded that reversal is required.

County Court's order set forth sufficient reasons for denying defendant's request for a downward departure from the presumptive level (see People v Carter, 35 AD3d 1023, 1023-1024 [2006], lv denied 8 NY3d 810 [2007]), and its determination in such regard was within its discretion (see People v Kotzen, 100 AD3d 1162, 1163 [2012], lv denied 20 NY3d 860 [2013]). Defendant's contention that there was insufficient evidence of his history of drug abuse to support the Board assessing him 15 points was not preserved for our review (see People v Coleman, 45 AD3d 1118, 1118 [2007], lv denied 10 NY3d 705 [2008]) and, in any event, is unpersuasive. The remaining arguments have been considered and are unavailing.

McCarthy, Rose, Lynch and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court