Appeal from an order of the Onondaga County Court (Joseph E. Fahey, J.), dated May 8, 2014. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). Based upon a total risk factor score of 85 points on the risk assessment instrument, defendant was presumptively classified a level two risk. In a prior appeal, we reversed an order determining that defendant was a level three risk based on the automatic override for a prior felony conviction of a sex crime (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006]), and we vacated the risk level determination and remitted the matter to County Court for further proceedings in compliance with Correction Law § 168-n (3) (People v Moore, 115 AD3d 1360 [2014]). Upon remittal, the court again determined that defendant is a level three risk.
Contrary to defendant’s contention, “[t]he court’s discretionary upward departure [to a level three risk] was based on clear and convincing evidence of aggravating factors to a degree not taken into account by the risk assessment instrument” (People v Sherard, 73 AD3d 537, 537 [2010], lv denied 15 NY3d 707 [2010]). The court properly relied upon factors that, “as a matter of law, . . . tend[ed] to establish a higher likelihood of reoffense or danger to the community” (People v Wyatt, 89 AD3d 112, 123 [2011], lv denied 18 NY3d 803 [2012]), including defendant’s prior felony conviction of a sex crime, his difficulty controlling his impulses, and his victimization of young girls over an extended period of time (see People v Vaillancourt, 112 AD3d 1375, 1376 [2013], lv denied 22 NY3d 864 [2014]). Present — Centra, J.P., Lindley, Sconiers, Whalen and DeJoseph, JJ.