# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1161
KA 14-00224
PRESENT: SCUDDER, P.J., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KENNETH G. EDMONDS, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JAMES ECKERT OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Monroe County Court (James J. Piampiano, J.), entered January 7, 2014. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq.*), defendant contends that County Court erred in assessing 20 points against him under the risk factor for a continuing course of sexual misconduct. We agree. Although the People presented evidence that defendant engaged in acts of sexual contact with the victim on more than one occasion, they failed to establish "when these acts occurred relative to each other" (*People v Redcross*, 54 AD3d 1116, 1117).

Reducing defendant's score on the risk assessment instrument by 20 points results in a total risk factor score of 95 points, placing defendant within the range of a presumptive level two risk. The court, however, properly concluded in the alternative that defendant is a level three risk based on the presumptive override for a prior conviction of a felony sex crime (*see People v Erving*, 124 AD3d 447, 447, *lv denied* 25 NY3d 905; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006]). We reject defendant's contention that the presumptive override for prior felony sex crime convictions was held unconstitutional or otherwise invalid in *People v Moss* (22 NY3d 1094) or *People v Moore* (115 AD3d 1360). In *Moss*, the Court of Appeals stated only that, "[a]s conceded by the People, no basis in law exists for . . . [the] conclusion that an automatic override increased [the] defendant's presumptive risk level

two designation to risk level three" (*id.* at 1095). In *Moore*, this Court quoted that language from *Moss* and held that the court "erred in increasing [the] defendant's risk level based on its determination that there was an automatic override" (*id.* at 1361). *Moore* supports the well-established principle that the application of the override for a prior felony sex crime is presumptive, not mandatory or automatic (*see People v Edney*, 111 AD3d 612, 612; *People v Reynolds*, 68 AD3d 955, 956; *see also People v Pace*, 121 AD3d 1315, 1316, *lv denied* 24 NY3d 914) and, contrary to defendant's contention, it should not be interpreted as holding that the presumptive override for a prior felony sex crime conviction is per se invalid.

Entered:  November 20, 2015                        Frances E. Cafarell
                                                   Clerk of the Court