SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**793**

**KA 15-01606**

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

MARC MCCABE, DEFENDANT-APPELLANT.

---

LAW OFFICE OF MARK A. YOUNG, ROCHESTER (BRIDGET L. FIELD OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from an order of the Orleans County Court (James P. Punch, J.), dated June 4, 2015. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act (Correction Law § 168 *et seq*.), defendant contends that County Court's written order did not comply with the statutory requirement to set forth findings of fact and conclusions of law on which the court's determination was based (*see* § 168-n [3]), and that the court improperly granted an automatic override instead of determining whether an upward departure was warranted (*see generally People v Moore*, 115 AD3d 1360, 1360-1361), and thus failed to apply the correct burden of proof for an upward departure from defendant's presumptive risk level. We reject those contentions.

With respect to his first contention, defendant is correct that the written order did not set forth sufficiently detailed conclusions of law (*see* Correction Law § 168-n [3]). Nevertheless, we conclude that the court's written findings of fact, coupled with its "oral findings and conclusions[,] . . . are clear, supported by the record and sufficiently detailed to permit intelligent review" of the court's determination (*People v Labrake*, 121 AD3d 1134, 1135 [internal quotation marks omitted]; *see People v Young*, 108 AD3d 1232, 1233, *lv denied* 22 NY3d 853, *rearg denied* 22 NY3d 1036).

We reject defendant's second contention that the court improperly granted an automatic override and thus applied an incorrect burden of proof for an upward departure to a level two risk. Although the court

incorrectly described its determination as an override, rather than using the proper nomenclature, i.e., indicating that it was "depart[ing upward] from the presumptive risk level" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [Guidelines], at 4 [2006]), the record establishes that the court granted an upward departure and applied the correct burden of proof in making its determination (*see People v Howe*, 49 AD3d 1302, 1302; *cf. Moore*, 115 AD3d at 1360-1361).

Contrary to defendant's additional contention, "[t]he court's discretionary upward departure [to a level two risk] was based on clear and convincing evidence of aggravating factors to a degree not taken into account by the risk assessment instrument" (*People v Sherard*, 73 AD3d 537, 537, *lv denied* 15 NY3d 707; *see People v Tidd*, 128 AD3d 1537, 1537, *lv denied* 25 NY3d 913).  Although defendant is correct that the risk assessment guidelines "assess 20 points if the victim was 11 through 16 years old and 30 points if the victim was 10 years old or younger" (Guidelines, at 11), in this case there is clear and convincing evidence that those aggravating factors are present to a degree not otherwise taken into account by the risk assessment guidelines, specifically, the quantity and nature of the child pornography used by defendant, the lengthy period of time over which he collected and viewed it, and the extremely young children depicted therein (*see generally People v Burke*, 139 AD3d 1268, 1270; *People v Rotunno*, 117 AD3d 1019, 1019, *lv denied* 24 NY3d 902).  Here, the People presented evidence that defendant collected more than 600 images depicting sexual activity involving children as young as three years old, he had been collecting those images over several years, and he admitted that he viewed images depicting sexual activity with children so young that they were still wearing diapers.

Entered:  September 30, 2016                    Frances E. Cafarell
                                                Clerk of the Court