People v Varin (2018 NY Slip Op 00998)





People v Varin


2018 NY Slip Op 00998


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


174 KA 16-00086

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SELES VARIN, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (KIMBERLY F. DUGUAY OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Monroe County Court (James J. Piampiano, J.), entered December 17, 2015. The order determined that defendant is a level two risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). Defendant contends that the People failed to notify defendant 10 days prior to the SORA hearing that they intended to seek a determination different from that recommended by the Board of Examiners of Sex Offenders (Board), as required by Correction Law § 168-n (3). We reject that contention inasmuch as the record establishes that the People did not seek a determination different from that recommended by the Board. Rather, the People sought a determination that defendant is a level two risk, as recommended by the Board. Moreover, even if County Court erred in assessing points under risk factors 3 and 7 and defendant was therefore a presumptive level one risk, the court determined, in the alternative, that an upward departure from a presumptive level one classification was warranted. We conclude that the determination to grant an upward departure was "based on clear and convincing evidence of aggravating factors to a degree not taken into account by the risk assessment instrument" (People v Sherard, 73 AD3d 537, 537 [1st Dept 2010], lv denied 15 NY3d 707 [2010]), including, inter alia, "the quantity and nature of the child pornography used by defendant, the lengthy period of time over which he collected and viewed it, and the extremely young children depicted therein" (People v McCabe, 142 AD3d 1379, 1380-1381 [4th Dept 2016]).
We reject defendant's alternative contention that the court erred in denying his request for a downward departure to level one. Defendant failed to prove, by a preponderance of the evidence, a "mitigating factor of a kind, or to a degree, that is otherwise not adequately taken into account by the guidelines" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]; see generally People v Wooten, 136 AD3d 1305, 1306 [4th Dept 2016]; People v Smith, 122 AD3d 1325, 1325-1326 [4th Dept 2014]). Contrary to defendant's contention, his acceptance of responsibility, engagement in sex offender treatment and lack of a prior criminal history were adequately taken into account in the risk assessment instrument (see People v Scone, 145 AD3d 1327, 1329 [3d Dept 2016]; People v DeDona, 102 AD3d 58, 71 [2d Dept 2012]; see also People v Jewell, 119 AD3d 1446, 1448-1449 [4th Dept 2014], lv denied 24 NY3d 905 [2014]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court