People v Houck (2019 NY Slip Op 02223)





People v Houck


2019 NY Slip Op 02223


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


314 KA 18-01500

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KENNETH HOUCK, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Onondaga County Court (Stephen J. Dougherty, J.), entered November 22, 2017. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.), defendant contends that County Court failed to adequately set forth its conclusions of fact and law, requiring remittal. Although we agree with defendant that the court's written order did not set forth its "findings of fact and conclusions of law on which the determinations are based" (§ 168-n [3]; see People v Smith, 11 NY3d 797, 798 [2008]), we conclude that the court's written order together with its oral decision "are clear, supported by the record and sufficiently detailed to permit intelligent appellate review" (People v Young, 108 AD3d 1232, 1233 [4th Dept 2013], lv denied 22 NY3d 853 [2013], rearg denied 22 NY3d 1036 [2013] [internal quotation marks omitted]; see People v McCabe, 142 AD3d 1379, 1380 [4th Dept 2016]).
We reject defendant's contention that the court erred in assessing 20 points under risk factor 13 for unsatisfactory conduct while confined involving sexual misconduct. The record establishes that defendant had numerous disciplinary infractions, at least one of which was related to sexual misconduct. At the very least, he was properly assessed 10 points under that category for unsatisfactory conduct (see People v Harris, 46 AD3d 1445, 1446 [4th Dept 2007], lv denied 10 NY3d 707 [2008]). Even assuming, arguendo, that defendant should have been assessed only 10 points under risk factor 13 and that defendant correctly asserts that the court erred in assessing 15 points under risk factor 12 for not accepting responsibility/refusing or being expelled from treatment, his presumptive risk level would not change inasmuch as the People met their burden of proving by clear and convincing evidence that defendant should have been assessed 30 points under risk factor 3 for having three or more victims (see People v Gillotti, 23 NY3d 841, 859-860 [2014]; People v Bernecky, 161 AD3d 1540, 1540-1541 [4th Dept 2018], lv denied 32 NY3d 901 [2018]; see generally People v Aldrich, 56 AD3d 1228, 1229 [4th Dept 2008]). Thus, contrary to defendant's contention, he was properly classified as a presumptive level two risk and not a presumptive level one risk.
Contrary to defendant's further contention, " [t]he court's discretionary upward departure [to a level three risk] was based on clear and convincing evidence of aggravating factors to a degree not taken into account by the risk assessment instrument' " (McCabe, 142 AD3d at 1380). Those factors included the significant amount of child pornography in defendant's possession, the lengthy period of time that he collected the child pornography, the nature of the images, and his extensive activities in downloading, categorizing, and sharing the child pornography (see [*2]People v Tatner, 149 AD3d 1595, 1595-1596 [4th Dept 2017], lv denied 29 NY3d 916 [2017]; People v Sczerbaniewicz, 126 AD3d 1348, 1349 [4th Dept 2015]).
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court