People v Jones (2019 NY Slip Op 04060)





People v Jones


2019 NY Slip Op 04060


Decided on May 23, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 23, 2019

520992

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
VERNON A. JONES, Appellant.

Calendar Date: May 2, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Linda B. Johnson, East Greenbush, for appellant.
Mary Pat Donnelly, District Attorney, Troy (Jacob B. Sher of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the County Court of Rensselaer County (Ceresia, J.), entered February 11, 2015, which classified defendant as a risk level three sex offender pursuant to the Sex Offender Registration Act.
In full satisfaction of a five-count indictment, defendant pleaded guilty to attempted rape in the first degree in 2006 and was sentenced as a second violent felony offender to 13 years in prison and five years of postrelease supervision (People v Jones, 47 AD3d 1121 [2008], lv denied 10 NY3d 865 [2008]). Thereafter, in anticipation of defendant's conditional release from prison, the Board of Examiners of Sex Offenders prepared a risk assessment instrument in accordance with the Sex Offender Registration Act (see Correction Law art 6-C) that presumptively classified defendant as a risk level two sex offender (80 points); the Board noted, however, that defendant's prior felony conviction for a sex crime constituted a presumptive override to a risk level three classification (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary § II; at 3-4 [2006]). Following a hearing, County Court assessed an additional five points under risk factor 1 for the infliction of physical injury (still resulting in a presumptive risk level two classification based upon points); upon application of the override, however, the court classified defendant as a risk level three sex offender and, further, designated him as a sexually violent offender and a predicate sex offender. Defendant now appeals.
Although the failure to seek a downward departure from a presumptive risk level classification does not necessarily constitute the ineffective assistance of counsel (see e.g. People v Gressler, 166 AD3d 1249, 1249 [2018], lv denied 32 NY3d 918 [2019]; People v Butler, 161 AD3d 1232, 1232-1233 [2018], lv denied 32 NY3d 904 [2018]), we find — under the particular facts of this case — that defendant was deprived of meaningful representation based upon, among other things, defense counsel's mistaken belief that defendant's classification as a risk level three sex offender was "automatic." Accordingly, County Court's order is reversed, and this matter is remitted for a new risk level classification hearing.
There is no question that a prior felony conviction for a sex crime triggers the application of an "automatic override" that, in turn, results in a presumptive risk level three classification (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary § II; at 3-4 [2006]; see People v Williamson, 73 AD3d 1398, 1399 [2010]). As both the applicable guidelines and the case law make clear, however, the use of the words "automatically" or "automatic override" does not mandate that a particular individual be classified as a risk level three sex offender; rather, the "automatic" nature of the override results in a presumptive risk level three classification — a classification from which a court indeed may depart based upon the evidence presented (see People v Taylor, 103 AD3d 867, 868 [2013]; People v Reynolds, 68 AD3d 955, 956 [2009]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary § II [2006]). Thus, "the application of the override for a prior felony sex crime is presumptive, not mandatory or automatic" (People v Edmonds, 133 AD3d 1332, 1333 [2015], lv denied 26 NY3d 913 [2016]; see People v Edney, 111 AD3d 612, 612 [2013]; People v Denny, 87 AD3d 1230, 1231 [2011]), and "[t]reating the presumptive override as mandatory is a ground for reversal" (People v Pace, 121 AD3d 1315, 1316 [2014], lvs denied 24 NY3d 914 [2015]).
Here, the hearing transcript reveals that both defense counsel and County Court mischaracterized the nature and application of the override. Defense counsel's misunderstanding of the override — as evidenced by his erroneous statement that defendant's prior felony conviction for a sex crime resulted in "an automatic override" to a risk level three classification — deprived defendant of the opportunity to present factors in support of a downward departure; similarly, County Court's misapplication of the override — premised upon the court's mistaken belief that "a mandatory override to a risk level [three] status" was "required" — foreclosed any inquiry into whether the presumptive risk level three classification was in fact warranted (see People v Edney, 111 AD3d at 612; People v Taylor, 103 AD3d at 868; People v Denny, 87 AD3d at 1231; People v Reynolds, 68 AD3d at 955-956; compare People v Pace, 121 AD3d at 1316; People v Castleberry, 43 AD3d 1369, 1370 [2007], lv denied 9 NY3d 815 [2007]). Accordingly, "remittal [for a new hearing] is required so that a proper evaluation of [defendant's] risk level may occur" (People v Denny, 87 AD3d at 1231). In light of this conclusion, we need not address defendant's remaining arguments — particularly given that, regardless of the points assessed under the individual risk factors, defendant still would be subject to a presumptive risk level three classification based upon application of the override (see generally People v Gallagher, 129 AD3d 1252, 1254 [2015], lv denied 26 NY3d 908 [2015]).
Garry, P.J., Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.