People v Bowen (2019 NY Slip Op 06105)





People v Bowen


2019 NY Slip Op 06105


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-04465

[*1]People of State of New York, respondent, 
v
Rick Bowen, appellant.


Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Karla Lato of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Barbara Kahn, J.), dated March 5, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
Where, as here, the People seek an upward departure from the presumptive risk level, the court must determine whether the aggravating circumstances alleged to show a higher likelihood of the defendant's reoffense are, as a matter of law, of a kind or to a degree not adequately taken into account by the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) (hereinafter SORA Guidelines), and whether the People adduced sufficient evidence to prove by clear and convincing evidence the existence of those aggravating circumstances (see People v Gillotti, 23 NY3d 841, 861-862). When the People have met this burden, the court must then "exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861).
Here, we agree with the County Court's determination that there were aggravating factors not adequately taken into account by the SORA Guidelines. In particular, the People established, by clear and convincing evidence, the existence of aggravating factors warranting an upward departure from the defendant's presumptive risk level, including the substantial number of images of child pornography the defendant possessed over the course of approximately five years and the disturbing nature of the images, which included videos of young children being subjected to anal penetration and bestiality (see People v Clark, 169 AD3d 836; People v Paul, 168 AD3d 1004, 1005; People v McCabe, 142 AD3d 1379, 1380-1381; People v Rotunno, 117 AD3d 1019). Accordingly, upon making this determination, the court providently exercised its discretion in granting the People's application for an upward departure and properly designated the defendant a level three sex offender.
RIVERA, J.P., HINDS-RADIX, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court