People v Freeman (2021 NY Slip Op 00683)





People v Freeman


2021 NY Slip Op 00683


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


117 KA 20-00255

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHRISTOPHER FREEMAN, DEFENDANT-APPELLANT. 






RYAN JAMES MULDOON, AUBURN, FOR DEFENDANT-APPELLANT. 
JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Cayuga County Court (Thomas G. Leone, J.), entered January 17, 2020. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals from an order determining that he is a level three risk pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq.). We reject defendant's contention that County Court erred in granting the People's request for an upward departure to a level three risk. "[W]hen the People establish, by clear and convincing evidence (see Correction Law § 168-n [3]), the existence of aggravating factors that are, 'as a matter of law, of a kind or to a degree not adequately taken into account by the [risk assessment] guidelines,' a court 'must exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure' from a sex offender's presumptive risk level" (People v Havlen, 167 AD3d 1579, 1579 [4th Dept 2018], quoting People v Gillotti, 23 NY3d 841, 861 [2014]). Here, we conclude that the determination to grant an upward departure was based on clear and convincing evidence of certain aggravating factors, namely the quantity and sadomasochistic nature of the child pornography used by defendant (see People v Hackrott, 170 AD3d 1646, 1647 [4th Dept 2019], lv denied 33 NY3d 908 [2019]; People v Tatner, 149 AD3d 1595, 1595-1596 [4th Dept 2017], lv denied 29 NY3d 916 [2017]), defendant's admitted fantasies involving children (see generally People v Millar, 45 AD3d 1329, 1330 [4th Dept 2007], lv denied 10 NY3d 701 [2008]), and the extremely young age of the children depicted in the pornography (see People v McCabe, 142 AD3d
1379, 1380-1381 [4th Dept 2016]).
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court