People v Douglas (2021 NY Slip Op 06229)





People v Douglas


2021 NY Slip Op 06229


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


722 KA 20-01484

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT DOUGLAS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (MATTHEW BELLINGER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), dated August 27, 2020. The order determined that defendant is a level three risk pursuant to the Sex Offender Registration Act. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Onondaga County, for further proceedings in accordance with the following memorandum: Defendant appeals from an order classifying him as a level three sex offender under the Sex Offender Registration Act ([SORA] Correction Law § 168 et seq.). We reverse.
Where a "defendant's prior felony conviction of a sex crime raised his [or her] presumptive risk level from level two to level three . . . , the [SORA] court is not mandated to apply the override but may, in appropriate circumstances, impose a lower risk level" (People v Reynolds, 68 AD3d 955, 956 [2d Dept 2009]; see People v Howard, 27 NY3d 337, 341 [2016]; People v Edmonds, 133 AD3d 1332, 1333 [4th Dept 2015], lv denied 26 NY3d 918 [2016]). "[T]reating the presumptive override as mandatory is a ground for reversal" (People v Jones, 172 AD3d 1786, 1787 [3d Dept 2019] [internal quotation marks omitted]).
Here, Supreme Court, in its oral decision, incorrectly treated defendant's presumptive level three classification as mandatory, and the court therefore never ruled on his downward departure application. We reject the People's assertion that the court corrected that error in its subsequent written decision. To the contrary, the written decision explicitly "incorporates . . . [the] oral decision" and again failed to rule on defendant's downward departure application. Moreover, the "compelling evidence" line in the written decision merely summarized the findings of the Board of Examiners of Sex Offenders and was not—as the People characterize it—an independent holding or ruling by the court. Thus, as defendant correctly contends, remittal to Supreme Court "is required so that a proper evaluation of his risk level may occur" (People v Denny, 87 AD3d 1230, 1231 [3d Dept 2011]; see Jones, 172 AD3d at 1787-1788; Reynolds, 68 AD3d at 956).
We note that, on remittal, the court must set forth in writing "its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]). Additionally, given defendant's temporally-proximate conviction in Madison County, we remind the court and the parties to ensure that all further proceedings comply with People v Cook (29 NY3d 114, 119-120 [2017]; see e.g. People v Miller, 179 AD3d 1517, 1517-1518 [4th Dept 2020]).
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court