People v Moss (2022 NY Slip Op 51427(U))

[*1]

People v Moss

2022 NY Slip Op 51427(U) [81 Misc 3d 1239(A)]

Decided on September 12, 2022

County Court, Monroe County

Dollinger, J.

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on September 12, 2022
County Court, Monroe County

The People of
the State of New York,

against
Dwight Moss, Defendant.

Ind. No. 2016-0479

For the People:
SANDRA DOORLEY, ESQ.
Monroe County
District Attorney
By: Amanda Balling, Esq.
Assistant District Attorney
47 S. Fitzhugh Street
Rochester, New York 14614
For the
Defendant:
ERIK TEIFKE, ESQ.
Acting Monroe County Public Defender
By: Diane Russell, Esq.
Assistant Public Defender
10 N. Fitzhugh Street
Rochester, NY 14614

Michael L. Dollinger, J.

A hearing was held on July 27, 2022, pursuant to Correction Law Article 6-C to
determine the level of risk to re-offend and threat to public safety posed by the
above-listed defendant/offender. Defendant/offender was present with counsel.
The Court received into evidence without objection the New York State Board of
Examiners Department's Proposed Risk Assessment Instrument ("RAI") (Exhibit 1), the
Case [*2]Summary (Exhibit 2), the defendant/offender's
Presentence Investigation dated January 23, 2017 ("PSI") (Exhibit 3), and the defendant's
criminal history ("NYSIS") (Exhibit 4). I make the following "Findings of Fact" and
"Conclusions of Law" based on the testimony and evidence I find credible and
accurate.
FINDINGS OF FACT
On or about December 21, 2016,
defendant/offender was convicted, after a jury trial, of one count of sexual abuse in the
first degree and one count of endangering the welfare of a child. The defendant/offender
was originally sentenced, as a second child sexual assault felony offender, to a
determinate term of ten (10) years in the New York State Department of Corrections and
Community Supervision (DOCCS) to be followed by ten (10) years of post-release
supervision. Defendant/offender was sentenced as a second child sexual assault felony
offender based upon a 2006 conviction of course of sexual conduct against a child in the
second degree.
On appeal, the appellate court vacated the 2016 sentence and remitted the matter for
a hearing on the issue of whether "the court in the prior proceeding coerced him into
pleading guilty to a reduced charge by threatening to impose the maximum sentence if he
were convicted after a trial" (People v Moss, 200 AD3d 1662, 1664 [4th Dept 2021],
lv denied 38 NY3d 1073 [2022]). This Court conducted the hearing and found
that the People did not meet their burden of demonstrating that the 2006 plea was
knowing, intelligent and voluntary and therefore this Court declined to adjudicate the
defendant a second child sexual assault felony offender for sentencing purposes on the
2016 conviction. Defendant/offender was sentenced as a first felony offender to a
determinate term of six (6) years in DOCCS followed by ten (10) years of post-release
supervision.
As set forth in the Case Summary, for the instant conviction, defendant/offender was
convicted after trial of having subjected a seven-year-old girl, who was a family member,
to sexual contact over clothing. He openly masturbated in front of the young girl when he
was supposed to be babysitting her and other children and had "tickled [the girl's] vagina
over clothing with his hand for his sexual gratification".
For the instant offense, Defendant/offender denied guilt at DOCCS reception, but
has since indicated a willingness to complete the sex offender treatment program through
parole.
Defendant/offender has an adult criminal history that includes convictions for: (1)
forcible touching for which was sentenced to 90 days; and (2) sexual misconduct.
Defendant/offender received two Tier II sanctions while incarcerated.
The Board of Examiners of Sex Offenders scored the Risk Assessment Instrument as
follows:
Risk Factor:
2. Sexual Contact with Victim:
Contact Over Clothing . . . 
. . . 5 points
5.  Age of Victim: 10 or less .. . . 
 . . . . . . . . . . . . . . . . . . . .  .30 points
9. 
Number and Nature of Prior Crimes:
Prior Sex Crime . . . 
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30 points
Total Risk Factor
Score: 65 points - Level I (Low) risk to re-offend.
The Board alleges that as a result of the 2006 conviction, which although the People
did not meet their burden on remand remains undisturbed by the appellate court, a
presumptive override to Level 3 applies.
The People have adopted and requested that the Court assess the points in the same
manner as the RAI set forth in Exhibit l. The People further adopt and take the position
that the Court must apply the override based on the defendant's prior felony conviction
for a sex offense, which results in the defendant/offender being presumptively deemed a
Level III Sex Offender. Defendant/offender did not object to the assessment of points,
but defendant/offender has objected to the Court applying the override based on this
Court's prior finding that the prior felony conviction from 2006 was impermissibly
coerced by the trial court in that case. The People have maintained that the override must
be applied, but, as an alternative if the Court were to not impose the override, the People
have argued for an upward departure. Defendant/offender opposed the upward departure
and cited the lack of notice of the People's intention to seek an upward departure
pursuant to Corrections Law §168-n(3). The People have consented to an
adjournment to continue the hearing to address the upward departure if the override is
not applied.
Additionally, the People and the Board request defendant/offender be designated as a
Sexually Violent Offender and a Predicate Sex Offender pursuant to Corrections Law
Section 168-a.
CONCLUSIONS OF LAW
The Sex Offender Registration Act was
intended to provide notice to the community of the risk of sex offenders released to their
areas. There is no magic formula for making such determinations. Although the risk
assessment instrument allows the Court and the Board of Examiners to utilize a tool for
numerical determination of risk, the Court must consider all the facts and circumstances
so as to make an accurate assessment of the risk that each individual defendant
poses.
The law provides that the Court shall review the Board's recommendation and has
the discretion to set aside a recommendation in arriving at a lower or higher classification
after considering the risk factors and giving the defendant/offender an opportunity to be
heard (Corrections Law §168-n[1][2]). It is well settled that under the Guidelines
and Commentary note, utilization results in the presumptively correct classification in
most cases such that a departure is the exception rather than the rule (People v Foy, 49 AD3d
835 [2d Dept 2008]; People v Howard, 52 AD3d 1243 [4th Dept
2008]).
The Court finds that risk factors requested by the Board and the People, and
unopposed by the defendant/offender, are supported by clear and convincing evidence.
Therefore, the Court will assess those points.
Regarding the applicability of the Override, this presents a novel issue that the Court
has not found any other court in New York has directly addressed.
The New York State Sex Offender Registration Act Risk Assessment Guideline and
Commentary (the "Guidelines") notes that ". . . the guidelines contain four overrides that
automatically result in a presumptive risk assessment of level 3: (i) a prior
felony conviction for a sex crime . . . "(Guidelines, p. 19). "The People bear the initial
burden of proving the applicability of a particular override by clear and convincing
evidence" (People v McCurdy, 198 [*3]AD3d
991, 992 [2nd Dept 2021], lv denied 38 NY3d 905 [2022], quoting People v Locklear, 154
AD3d 888, 889 [2nd Dept 2017]). "Once the People have sustained this burden, 'a
SORA court is not possessed of any discretion in determining whether to apply [an]
override, the application of the override is automatic' "(People v Locklear, 154 AD3d
888, 889 [2nd Dept 2017], quoting People v Johnson, 135 AD3d 720, 721 [2nd Dept
2016]; see also People v
Johnson, 11 NY3d 416, 418 [2008]).
Here, the People have met their burden of proving, by clear and convincing
evidence, the existence of the prior sex crime conviction. Defendant/offender does not
argue that the conviction does not exist, but rather that the Court should not consider the
prior conviction because of this Court's decision in the second felony offender hearing
that the prior sex crime conviction was obtained unconstitutionally.
This Court is bound by the uncontroverted decision by the Supreme Court Appellate
Division, Second Department in People v McCurdy that held that once the People
establish the existence of a prior conviction for a sex crime by clear and
convincing evidence, then the applicability of the override is automatic to create a
presumptive Level III risk level (People v McCurdy, 198 AD3d 991, 992 [2nd Dept 2021],
lv denied 38 NY3d 905 [2022]). The finding in the predicate hearing does not
vacate the prior conviction. As the People correctly note in their submission, this Court
did not overturn Mr. Moss's prior conviction.
Therefore, the automatic override applies and defendant/offender is presumptively a
Level III risk to reoffend. To be clear, the override automatically results in a presumptive
Level III risk-level but does not mandate that the Court find the defendant to be Level III
(People v Edmonds, 133
AD3d 1332 [4th Dept 2015].
Finally, the defendant/offender did not request that the Court consider a downward
departure if the Court applied the override that resulted in a presumptive Level III risk
level. Therefore, the Court will not consider a departure.
Therefore, the Court will assess the following points:
Risk Factor:
2. Sexual Contact with Victim:
Contact Over Clothing . . . 
. . .5 points
5. Age of Victim: 10 or less . . . . . . . 
 . . . . . . . . . . . . . . . . . 30 points
9. Number and Nature
of Prior Crimes:
Prior Sex Crime . . . 
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30 points
Total Risk
Factor Score 65 points - Level I (Low) risk to re-offend.
Further,
the Court will apply the override resulting in a presumptive Level III (High) risk to
re-offend.
Finally, the defendant/offender's conviction for sexual abuse in the first degree
mandates his designation as a sexually violent offender and each of the
defendant/offender's three prior convictions (sexual misconduct, forcible touching and
course of sexual conduct against a child) mandates his designation as a predicate sex
offender, and the Court hereby designates defendant/offender as such.
Accordingly, it is hereby
ORDERED that the defendant/offender's risk assessment score is
determined to be Level [*4]III (High);
that his name be entered in the Sex Offender Registry administered by the New York
State Division of Criminal Justice Services, and that the defendant/offender register in
accordance with the New York Corrections Law as a Sex Offender and designated as a
Sexually Violent Offender and Predicate Sex Offender.
This constitutes the DECISION and ORDER of the Court.
Dated: September 12, 2022
Rochester, NY
HONORABLE MICHAEL L.
DOLLINGER
Monroe County Court Judge